# In the United States Court of Federal Claims

|  |  |  |
|---|---|---|
| MCDONOUGH FAMILY LAND, *et al*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No.  20-368L |
| v. | ) | (Filed: June 10, 2021) |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

*Quentin M. Rhoades*, Rhoades Siefert & Erickson PLLC, Missoula, Montana, for Plaintiffs.

*Jessica M. Held*, Natural Resources Section, Environment & Natural Resources Division, U.S. Department of Justice, Washington, DC, for Defendant, with whom was *Jean E. Williams*, Deputy Assistant Attorney General, Environment & Natural Resources Division.

## OPINION AND ORDER

**Kaplan, Chief Judge.**

Plaintiffs, McDonough Family Land, LP and the Ingersoll Ranch, FLP ("the Ranches"), are limited partnerships that own real and personal property in Wolf Creek, Montana. The Ranches filed this action seeking compensation for what they allege was a Fifth Amendment taking of the property that occurred when the United States Department of Agriculture's United States Forest Service ("USFS") ignited backfires and burnouts on Plaintiffs' land during the 2017 Alice Creek Fire in Lewis & Clark County, Montana. See Compl., ECF No. 1. Currently before the Court are: (1) the Ranches' motion for partial summary judgment, ECF No. 11; and (2) the government's motion pursuant to Rule 56(d) of the Rules of the Court of Federal Claims ("RCFC"), seeking an order allowing the completion of discovery, ECF No. 12.

For the reasons set forth below, the government's motion is **GRANTED**, and Plaintiffs' motion is **DENIED** without prejudice.

## DISCUSSION

This case concerns resource management efforts undertaken by the USFS in response to the Alice Creek Fire, which began after a lightning strike in July 2017 in Lewis and Clark County, Montana. Compl. ¶ 11. On various dates in August and September of that year, USFS intentionally ignited backfires and burnouts in the Helena-Lewis and Clark National Forest and

other federal and privately-owned lands as part of resource management efforts and in order to manage the Alice Creek Fire. Answer ¶¶ 10, 12, ECF No. 5.

Plaintiffs allege that USFS intentionally burned large tracts of private range and timber, and that it took timber and range vegetation owned by Plaintiffs in order to fuel its intentionally ignited backfires and burnouts. Compl. ¶¶ 12, 14. According to Plaintiffs, range and timber destroyed by USFS fires would not have burned but for USFS' land management efforts in the National Forest. Compl. ¶ 25. The government denies that USFS' actions constituted a taking of property, Answer ¶¶ 32–34, and asserts that, regardless, Plaintiffs' claims are barred by the doctrine of necessity and the relative benefits doctrine, see Answer at 6–7.

Fact discovery in the case has been underway since July of 2020, and is currently set to close on August 30, 2021. See Scheduling Order, ECF No. 8; see also ECF No. 18 (granting parties' joint motion to modify discovery schedule). Expert discovery is set to close in April 2022. ECF No. 18.

In the meantime, on March 31, 2021, the Ranches filed the motion for summary judgment that is currently before the Court. Pl.'s Mot. for Summ. J. on Liability and on Def.'s Necessity and Burden Outweighed by Benefit Affirmative Defenses ("Pl.'s Mot."), ECF No. 11. Plaintiffs allege that the government lacks evidence to support its affirmative defenses and that Plaintiffs are therefore entitled to judgment as a matter of law on their takings claim. See Pl.'s Mot. at 1, 4.

In support of their motion, Plaintiffs point to the government's responses to interrogatories served on January 6, 2021, see Pl.'s Mot. at 3–4, in which the government explained that it "is currently undertaking expert discovery," and that the assertion of its defenses "will rely in part on the expert opinions that [it] will disclose . . . in accordance with the schedule set forth by the Court." First Suppl. To United States' Resps. to Pl.'s First Set of Disc. Reqs., at 3, ECF No. 12-4. Plaintiffs assert that "[t]he Government's failure to provide even a scintilla of factual basis of its affirmative defenses" has led Plaintiffs to conclude "that there must be none." Pl.'s Mot. at 11.

For its part, government contends that Plaintiffs' summary judgment motion is premature. See Def.'s Opp. to Pl.'s Mot. for Summ. J. and Cross-Mot. to Allow Completion of Disc. Under Rule 56(d) ("Def.'s Resp.") at 1–2, ECF No. 12. It explains that it has already provided Plaintiffs with more than 4,000 pages of documents, id. at 4, and disclosed the names of nine individuals likely to have discoverable information, Def.'s Initial Disclosures Pursuant to RCFC 26(a)(1) at 1–4, ECF No. 12-1, but that more time is needed to conduct the discovery necessary to support its arguments given its intended reliance on expert discovery on the issue of its affirmative defenses, Def.'s Resp. at 6.

RCFC 56(d) states in pertinent part that, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to a motion for summary judgment, the Court may: "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." The government has supplied a declaration from its counsel, in which she asserts that the government is "working with experts to ascertain facts that the United States

anticipates will support application of the doctrine of necessity, the police powers doctrine, and relative benefits principles" and that discovery will allow "the development of facts expected to show an actual emergency, an imminent danger to life and property, and a reasonable firefighting response." Decl. of Jessica M. Held ¶ 8, ECF No. 12-5. As counsel explains, the government believes that further discovery is "likely to give rise to a genuine issue of material fact as to whether fires set by the United States as part of an 'actual emergency and imminent danger' were a reasonable response that was necessary to protect life and property" such that Plaintiffs' claims would be barred "under the doctrines of necessity and police power principles." Id. ¶ 9.

The Supreme Court has instructed that summary judgment "be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n.5 (1986). Where the party opposing summary judgment "has not had any opportunity to gather evidence through discovery" and has submitted the Rule 56(d) "affidavit stat[ing] that [it] could not present sufficient facts to prove its case without discovery," it is improper to grant the movant's request for summary judgment. Dunkin' Donuts of Am., Inc. v. Metallurgical Exoproducts Corp., 840 F.2d 917, 919 (Fed. Cir. 1988).

"The issue of whether a taking has occurred is a question of law based on factual underpinnings." Huntleigh USA Corp. v. United States, 525 F.3d 1370, 1377 (Fed. Cir.). In light of "the fact-intensive nature of takings cases," Moden v. United States, 404 F.3d 1335, 1342 (Fed. Cir. 2005), in which discovery is often "necessary to determine whether plaintiffs' allegations demonstrate a taking," the parties "should be given the opportunity to develop facts in support of their claims." Orr v. United States, 145 Fed. Cl. 140, 158 (2019); see also Arkansas Game & Fish Comm'n v. United States, 568 U.S. 23, 32 (2012) (noting that "most takings claims turn on situation-specific factual inquiries").

Finally, the Court notes that "[m]otions for additional discovery under RCFC 56(d) 'are generally favored and are liberally granted.'" Clear Creek Cmty. Servs. Dist. v. United States, 100 Fed. Cl. 78, 83 (2011) (quoting Chevron U.S.A. Inc. v. United States, 72 Fed. Cl. 817, 819 (2006)); see also Doe v. United States, 2017 WL 74292, at *3 (Fed. Cl. Jan. 6, 2017) (stating the same). Applying that standard here, the Court concludes that the government has made an adequate showing that completion of discovery is needed to ensure that it can present facts essential to its opposition to the Ranches' motion, and that it is entitled to conduct discovery in order to meet its burden of presenting proof that it believes establishes its affirmative defenses.

## CONCLUSION

Based on the foregoing, the government's motion pursuant to RCFC 56(d)(1) is **GRANTED**, ECF No. 12, and Plaintiffs' motion for summary judgment, ECF No. 11, is **DENIED** without prejudice. The Court will set a schedule for the filing of dispositive motions, if appropriate, at the close of discovery.

**IT IS SO ORDERED.**

s/ Elaine D. Kaplan
ELAINE D. KAPLAN
Chief Judge